IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**MALIBU MEDIA, LLC**
  Plaintiff,

v.

**DIPAN PATEL,**
  Defendants

Case No. 2:18−cv−13589-LJM-RSW
Hon. Judge Laurie J. Michelson
Magistrate Judge R. Steven Whalen

---

BOROJA BERNIER AND
ASSOCIATES PLLC
Joel A. Bernier (P74226)
Attorney for Plaintiff
49139 Schoenherr Road
Shelby Township, MI 48315
(586) 991-7611
bbclawgroup@gmail.com

HEED LAW GROUP PLLC
Thomas P. Heed (P66991)
Attorney for Defendant
2723 S. State Street, Suite 150
Ann Arbor, MI 48104
(734) 794-4757
theed@heedlawgroup.com

---

### DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

    DEFENDANT DIPAN PATEL ("Defendant"), by and through his undersigned attorney, Thomas P. Heed, for his response to Plaintiff Malibu Media LLC's ("Plaintiff") first amended complaint ("FAC") answers as follows:

### Introduction

1.    Defendant admits that this is a case alleging copyright infringement.

1

2. Defendant denies the allegations set forth in paragraph 2.

3. Defendant neither admits nor denies the allegations set forth in paragraph 3 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

## Jurisdiction

4. Defendant admits the allegations set forth in paragraph 4.

5. Defendant neither admits nor denies the allegations set forth in paragraph 5 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

6. Defendant neither admits nor denies the allegations set forth in paragraph 6 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

7. Defendant admits the allegation set forth in paragraph 7, so far as Defendant lives in the Eastern District of Michigan.  Defendant denies that any actionable events took place in this district.

## Parties

8. Defendant neither admits nor denies the allegations set forth in paragraph 8 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

9. Defendant admits the allegations set forth in paragraph 9.

## Factual Background

*I. Defendant denies the improper allegation set forth in sub-title I.*

10. Defendant neither admits nor denies the allegations set forth in paragraph 10 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

11. Defendant neither admits nor denies the allegations set forth in paragraph 11 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

12. Defendant neither admits nor denies the allegations set forth in paragraph 12 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

13. Defendant neither admits nor denies the allegations set forth in paragraph 13 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

14. Defendant neither admits nor denies the allegations set forth in paragraph 14 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

15. Defendant neither admits nor denies the allegations set forth in paragraph 15 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

16. Defendant neither admits nor denies the allegations set forth in paragraph 16 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

17. Defendant denies the allegations set forth in paragraph 17.

18. Defendant denies the allegations set forth in paragraph 18.

19. Defendant neither admits nor denies the allegations set forth in paragraph 19 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

20. Defendant neither admits nor denies the allegations set forth in paragraph 20 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

21. Defendant neither admits nor denies the allegations set forth in paragraph 21 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

22. Defendant neither admits nor denies the allegations set forth in paragraph 22 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

23. Defendant denies the allegations set forth in paragraph 23.

24. Defendant denies the allegations set forth in paragraph 24.

25. Defendant denies the allegations set forth in paragraph 25.

## Miscellaneous

26. Defendant denies the allegations set forth in paragraph 26.

27. Defendant neither admits nor denies the allegations set forth in paragraph 27 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

## COUNT I
## Direct Infringement Against Defendant

28. Defendant reaffirms, realleges, and incorporates herein by reference the averments and denials of paragraphs 1 through 27 above as if fully set forth herein.

29. Defendant neither admits nor denies the allegations set forth in paragraph 29 for lack of personal knowledge or information sufficient to form a belief thereto and leaves Plaintiff to its strict proofs thereof.

30. Defendant denies the allegations set forth in paragraph 30.

31. Defendant denies the allegations set forth in paragraph 31.

32. Defendant denies the allegations set forth in paragraph 32(A)-(D).

33. Defendant denies the allegations set forth in paragraph 33.

## Affirmative Defenses

NOW COMES Defendant Dipan Patel, by and through his undersigned attorney, Thomas P. Heed of Heed Law Group PLLC, and for his affirmative defenses submits the following:

1. Plaintiff's FAC fails to state a claim for which relief can be granted. The basis includes, but is not limited to: (a) Plaintiff fails to allege that the Defendant committed the acts complained of; and/or (b) Plaintiffs pleadings are otherwise deficient.

2. Plaintiff is estopped from asserting its claim. After a reasonable opportunity for further investigation or discovery there is likely to be evidence that Plaintiff's conduct prevents Plaintiff from asserting claims to the detriment of Defendants who were entitled to rely on such conduct.

3. Plaintiffs have unclean hands. After a reasonable opportunity for further investigation or discovery there is likely to be evidence that Plaintiff's conduct has been inequitable, unfair, and/or deceitful.

4. Plaintiff's conduct authorized use of its copyrighted works. The basis includes, but is not limited to: (a) Plaintiff impliedly authorized the allegedly infringing conduct by uploading siterips which contain a plurality of copyrighted material when the user only clicks on a single title; and/or (b) Plaintiff placed its copyrighted works in the public domain, available for downloading, without a copyright notice.

5. Plaintiff's claims are barred by acquiescence. After a reasonable opportunity for further investigation or discovery there is likely to be evidence that Plaintiff was aware of its alleged rights, was aware of the

alleged infringing conduct, and failed to timely take action resulting in prejudice to Defendant.

6. Plaintiff has failed to take steps to mitigate its damage. After a reasonable opportunity for further investigation or discovery there is likely to be evidence that Plaintiff is aware of the channels through which its copyrighted material is illegally downloaded, but fails to take action to eliminate those channels.

7. Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained, in violation of the Due Process clause.

8. Defendant reserves the right to add and/or withdraw his affirmative defenses as further investigation or discovery so dictates.

WHEREFORE, Defendant Dipan Patel respectfully requests that this honorable Court enter judgment in his favor, find that the FAC is frivolous within the meaning of Fed.R.Civ.P. 11, and award the Defendant his reasonable attorney fees and costs in defending this action.

Dated:     Ann Arbor, Michigan

October 31, 2019

                 Heed Law Group PLLC

                 /s/ Thomas P Heed
                 Thomas P. Heed
                 2723 S. State St. Suite 150
                 Ann Arbor, Michigan 48104
                 Telephone: (734) 794-4757
                 Facsimile: (734) 794-4712
                 theed@heedlawgroup.com
                 Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2019, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court using the ECF system, which will be served by operation of the Court's electronic filing system upon the counsel of record for the Plaintiffs, at his/her e-mail address included in the ECF system.

        Heed Law Group PLLC

        /s/ Thomas P Heed

        _____

        Thomas P. Heed